1   Peter J. Anderson, Esq., Cal. Bar No. 88891
    E-Mail: pja@pjanderson.com
2   LAW OFFICES OF PETER J. ANDERSON
    A Professional Corporation
3   100 Wilshire Boulevard, Suite 2010
    Santa Monica, CA 90401
4   Tel: (310) 260-6030
    Fax: (310) 260-6040
5
    Attorney for Defendants
6   GREEN DAY TOURING, INC.,
    GREEN DAY, INC., BILLIE JOE
7   ARMSTRONG, FRANK EDWIN
    WRIGHT, III, MICHAEL PRITCHARD and
8   WARNER BROS. RECORDS INC.

9                    **UNITED STATES DISTRICT COURT**

10                  **CENTRAL DISTRICT OF CALIFORNIA**

11                       **WESTERN DIVISION**

12  DERECK SELTZER,                    )   Case No. CV 10-02103 PSG (PLAx)
                                       )
13            Plaintiff,               )
                                       )
14       vs.                           )   [*FIRST AMENDED*] PROTECTIVE
                                       )   ORDER
15  GREEN DAY, INC., a corporation;    )
    GREEN DAY TOURING, INC., a         )
16  corporation; GREEN DAY, a partnership; )
    GREEN DAY, a business entity (form )
17  unknown); BILLIE JOE ARMSTRONG,    )
    an individual; FRANK EDWIN WRIGHT, )
18  III, professionally known as TRE COOL, )
    an individual; MICHAEL PRITCHARD   )
19  professionally known as MIKE DIRNT, )
    an individual; WARNER BROS.        )
20  RECORDS INC., a corporation; INFECT )
    PRODUCTIONS, a partnership; INFECT )
21  PRODUCTIONS, a business entity (form )
    unknown); ROGER STAUB, an          )
22  individual; and PERFORMANCE        )
    ENVIRONMENT DESIGN, a business     )
23  entity (form unknown),             )
                                       )
24            Defendants.              )
                                       )
25  _____)

26

27

28

## PROTECTIVE ORDER

Pursuant to the Stipulation of plaintiff Dereck Seltzer and defendants Green Day Touring, Inc., Green Day, Inc., Billie Joe Armstrong, Frank Edwin Wright, III, Michael Pritchard, Warner Bros. Records Inc. and Roger Staub filed herein and for good cause shown, it is hereby **ORDERED** as follows:

1.      **Scope of Order.**   This Order is intended to facilitate the parties' production of information and documents as part of voluntary disclosure and in response to discovery requests.  Nothing in this order is to be construed to expand or limit the parties' discovery obligations.  This Order covers the production and use of all Discovery Materials in this action that constitute, contain or disclose, in whole or in part, information which the designating party deems to be "Confidential Information." All Documents, Pleadings, and testimony containing Confidential Information shall be protected in accordance with the terms of this Order.  Although Discovery Materials and Pleadings that quote, summarize, or contain materials entitled to protection may be accorded status as Confidential Information, to the extent feasible these materials shall be prepared in such a manner that the Confidential Information is bound separately from that not entitled to protection.

2.      **General Definitions.**   For purposes of this Order, the following terms have the following meanings:

(a)     "Document" shall mean and include, without limitation, all materials, electronic information and tangible things defined as broadly as permitted under Federal Rule of Civil Procedure 34.

(b)     "Discovery Materials" shall mean and include, without limitation, Documents, responses to interrogatories, requests for admissions, or other discovery requests, physical objects, samples, CD-ROMs, tapes and other items, deposition transcripts and exhibits thereto, and information provided by or on behalf of the Parties or any third party pursuant to subpoena, or otherwise created or included in the course of discovery.

1

(c)    "Pleadings" shall mean and include, without limitation, all papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the Court.

(d)    "Party" or "Parties' shall mean and include the parties to this litigation and their respective current officers, employees, agents, affiliates and subsidiaries.

(e)    "Designating Party" shall mean the Party or Parties designating Discovery Material as "Confidential Information."

3.    Confidential Information Defined.   For purposes of this Order, "Confidential Information" shall mean and include any information (regardless of how it is generated, stored, or maintained), including Documents, Discovery Materials and Pleadings, that contains information within the scope of Federal Rule of Civil Procedure 26(c), California Civil Code Section 3426 *et seq.*, or which is otherwise a trade secret, proprietary, confidential commercial or business information, or otherwise confidential or private.

4.    **Designating Protected Material.**  All designations shall be made in good faith by the Designating Party or their counsel of record and made at the time of disclosure, production, or tender, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a producing party may so designate the information after such information has been produced, with the effect that such information is thereafter subject to the protections of this Order.  The designation of Discovery Materials in the form of Documents and Discovery Materials other than depositions or other pretrial testimony as Confidential Information shall be made by affixing the legend "CONFIDENTIAL" or similar designation on each page containing any Confidential Information (or in the case of computer medium or other tangible item on the item's label and/or cover) to which the designation applies.

5.    **Designation of Deposition Testimony.**  Consistent with the foregoing requirement of good faith, during a deposition any Party may designate the deposition or any portion thereof as Confidential Information.  Upon such designation, the entire

deposition transcript or the designated portion thereof shall be treated as Confidential Information subject to this Order.

6.    **Basic Disclosure Principles.**  Neither the Parties nor their counsel shall permit disclosure of Confidential Information to anyone except as provided by this Order, and only after the conditions stated in this Order have been met.

7.    **Disclosure of Confidential Information.**  Confidential Information may not be disclosed to any person except:

(a)    Any Party to this action;

(b)    Any Party's officers, agents, servants, employees and similarly-situated independent contractors, and attorneys (whether in house or outside counsel), provided that such officers, agents, servants, employees and similarly-situated independent contractors, and attorneys have first received actual notice of this Order by personal service or otherwise;

(c)    Counsel of record for the Parties in this action, including counsel of record's partners, associates, of counsel, paralegals and clerical staff;

(d)    Experts (whether consulting or testimonial) and other specialized consultants to whom disclosure is reasonably necessary in this action either to fully understand, analyze or evaluate Discovery Materials or other Confidential Information or to the conduct of this action, provided that such experts and other specialized consultants shall not have access to Confidential Information without having first read, acknowledged, and agreed to be bound by this Order by signing the Agreement to be Bound by Protective Order attached as Exhibit 1, provided, further, that if any expert or other specialized consultant in this action declines to sign the Agreement to be Bound by Protective Order, counsel for the Parties shall confer in good faith regarding a stipulation allowing the disclosure and containing such additional or different limitations as may be reasonably appropriate, and if an agreement cannot be reached any party may seek a further

///

3

protective order, pending which the Confidential Information shall not be disclosed to the expert or other specialized consultant;

(e) The Court and its personnel;

(f) Court reporters and videographers who are certified legal video specialists engaged for depositions, hearings or trial in this action, and if engaged for depositions, who first signed the Agreement to be Bound by Protective Order attached as Exhibit 1;

(g) Witnesses and potential witnesses in this action (other than witnesses and potential witnesses within subparagraphs 7(a), 7(b), 7(d) and 7(h) of this Order) to the extent reasonably necessary or appropriate for the conduct of this litigation and who have first signed the Agreement to be Bound by Protective Order attached as Exhibit 1, provided that if any witness or potential witness in this action declines to sign the Agreement to be Bound by Protective Order, counsel for the Parties shall confer in good faith regarding a stipulation allowing the disclosure and containing such additional or different limitations as may be reasonably appropriate, and if an agreement cannot be reached any party may seek a further protective order, pending which the Confidential Information shall not be disclosed to the witness;

(h) The author(s) or any recipient of the Confidential Information or the original source of the Confidential Information;

(i) Professional vendors that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, etc.) and their employees who have first signed the Agreement to be Bound by Protective Order attached as Exhibit 1;

(j) Any other persons qualified to receive Confidential Information pursuant to either an Order of the Court or a stipulation of the Parties confirmed in writing.

///

4

8.      **<u>Use of Discovery Material</u>.**  Confidential Information produced in this litigation shall be used only for purposes of this action.   The persons or entities identified in Paragraph 7, above, to whom Confidential Information is disclosed pursuant to this Order shall not make any copies of or use such Confidential Information for any purpose, whatsoever, except those related to this action, *provided, however,* that the foregoing does not apply to the Court and its personnel identified in Paragraph 7(e), above.   Nothing in this Order shall prohibit any person or entity owning rights in or to Confidential Information from using such information in any manner consistent with such ownership rights, including, for example, the use of Confidential Information maintained by the Parties in the ordinary course of the Parties' business.  This Order shall not limit the right of any Party to assert any claim in this or any other action.

9.      **<u>Filing of Materials Containing Confidential Information</u>.**

(a)     If in connection with any motion or other proceeding in this action any Party intends to offer into evidence, reference, or attach as exhibits to any Pleading any Documents or other materials that include Confidential Information that is not related to the subject or purpose of the motion or other proceeding, the Documents or other materials shall first be redacted to remove the Confidential Information.

(b)     If in connection with any motion or other proceeding in this action any Party intends to offer into evidence, reference, or attach as exhibits to any Pleading any Documents or other materials that include Confidential Information that is related to the subject or purpose of the motion or other proceeding, and unless the Party has obtained written permission for the disclosure from the Designating Party or a court order secured after appropriate notice (including to any Designating Party who is not a party to this action) and allowing the disclosure, the Party shall submit the materials to the Court in a sealed envelope bearing the designation "Confidential: Subject to Protective

Order," along with an application to file the materials, or the confidential portion thereof, under seal, and the application (or any joinder filed by the Designating Party) must show good cause for the under seal filing, and shall otherwise comply with Civil Local Rule 79-5 and all orders of this Court.  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the material or portions thereof subject to the sealing application shall be lodged under seal.

10.   **Duration.**   Subject to paragraph 16, this Order shall continue to be binding throughout and after the conclusion of this action, including any appeal thereof.  This Order, as an agreement, shall remain in effect until all Confidential Information in the possession of a Party is returned to the Designating Party or destroyed, as provided below.  Within thirty (30) days after termination of this action by dismissal, final non-appealable judgment or otherwise, each Party shall return to counsel for the Designating Party all information designated Confidential Information under this Order, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained.  In the alternative, all Confidential Information, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained, in the possession of a Party may be destroyed under the supervision of such Party's counsel.  Counsel for such Party shall then advise all other Parties' counsel of record in writing that all Confidential Information, including all copies, prints, excerpts, and other reproductions of said information in the possession of such Party, however generated or maintained, have been destroyed or returned.

11.   **Limiting Disclosure.**   All reasonable efforts shall be made by counsel of record to limit disclosure of Confidential Information to the minimum number of persons necessary to conduct this action.

12.   **Access to Additional Person(s).**   To the extent a Party or a Party's counsel of record decides that in order to understand or evaluate any Confidential

6

Information the assistance of person(s) not otherwise entitled to access to Confidential Information is necessary, that Party or counsel may request permission of the Designating Party to show such information to the additional person(s).  Upon receipt of any such request, counsel for the Party receiving the request shall respond promptly and shall not unreasonably withhold consent.  If permission is granted and if that permission is confirmed in a writing signed by the Designating Party or the Designating Party's counsel, the Confidential Information may be shown to the additional person(s), subject to the requirement that such person(s) first sign the Agreement to be Bound by Protective Order attached as Exhibit 1.  Any disclosure of Confidential Information under this paragraph shall not result in a waiver or termination of any of the rights and obligations to any other Party or person under this Order.  If permission is not granted within five (5) business days of such request, the requesting Party or the requesting Party's counsel of record may file with the Court an application seeking appropriate relief, with any Confidential Information submitted under seal.

13.   **Challenges to Confidential Designation or to Redactions in Discovery Materials.**   In the event the recipient party disagrees with any designation of confidentiality or with the redaction of any information in Discovery Material, either at the time of disclosure or at any time thereafter, the Parties shall attempt to resolve such dispute on an informal basis.  If the dispute is not resolved informally, the recipient party, by motion pursuant to the Joint Stipulation process prescribed in Local Rule 37, may contest or otherwise challenge the confidential designation or redaction.  The Designating Party (or Party that seeks to maintain the information as Confidential Information pursuant to this Order) shall have the burden of establishing that the Discovery Material is entitled to be maintained or continue to be maintained as Confidential Information or that such redaction is appropriate and proper, and the Court shall have the discretion to award attorney's fees and costs to the prevailing party on the motion or application.  If the Parties want to file the Joint Stipulation

required by Local Rule 37 under seal, the Parties may file a stipulation to that effect, or a Party may file an ex parte application making the appropriate request. The Parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. Pending resolution of the motion, the disputed material will continue to be treated as confidential. The failure of any Party to challenge the designation of information as Confidential Information or redaction at the time of its designation or disclosure shall not be deemed a waiver of that Party's right to challenge the propriety of that designation or redaction at a later time. The execution of the accompanying Stipulation to Entry of Protective Order by the Parties shall not be deemed to be an admission that the information identified therein and/or herein is Confidential Information.

14. **Declassification.** The restrictions on disclosure and use of Confidential Information set forth herein shall not continue to apply to information, which, at the time of disclosure, or thereafter, becomes a part of the public domain or otherwise loses its confidentiality, other than a result of a wrongful act or failure to act on the part of the Party claiming this exclusion. However, the restrictions shall continue to apply if such publication or other disclosure results from criminal, tortious or otherwise unlawful acts or omissions other than by the Designating Party or the author of the Confidential Information.

15. **Right to Assert Other Objections.** This Order shall not be construed as requiring any Party to produce information or documents which are privileged or otherwise protected from discovery by the Federal Rules of Civil Procedure. Nothing herein shall be construed to limit the rights of any Party to discovery or to assert any privilege or objection, or to prohibit any Party from seeking such further provisions or relief as it deems necessary or desirable regarding this Order or the matter of confidentiality.

16. **Use During Trial.** Questions regarding the use of Confidential Information during the trial of this action, if any, will be addressed by the Court at a

later time prior to or during trial.  Without limiting the foregoing, any Confidential Information used at trial will be presumptively available to all members of the public, including the press, unless good cause is shown to the District Judge in advance of the trial to proceed otherwise.

17.   **Subpoena or Order.**  If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential Information, counsel for the receiving party must so notify counsel for the Designating Party in writing promptly, and in no event more than five court days after receiving the subpoena or order.  Counsel for the receiving party also must inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

18.   **Inadvertent Production.**  If a Party through inadvertence produces or provides discovery that it reasonably and in good faith believes is subject to a claim of attorney-client privilege, common interest privilege, or work product immunity, the producing party may give written notice to the receiving party that the Document is subject to a claim of attorney-client privilege, common interest privilege, or work product immunity and request that the Document be returned to the producing party. The receiving party shall promptly return to the producing party all copies of such Document and shall return or destroy all excerpts and summaries thereof.  Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned Document is, in fact, properly subject to a claim of attorney-client privilege, common interest privilege or work product immunity, nor

shall it foreclose the receiving party from moving for an order that such Document has been improperly designated as subject to a claim of attorney-client privilege, common interest privilege, or work product immunity or should be produced for reasons other than a waiver caused merely by the inadvertent production.  The inadvertent disclosure of any privileged documents shall not be deemed a waiver of that privilege as to any other Documents, testimony or evidence.

19.    **Enforcement.**   This Order may be enforced by, without limitation, an order of specific performance, as well as any claim for damages.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**IT IS SO ORDERED.**

Dated:  January 10, 2011

_____
Honorable Paul L. Abrams
United States Magistrate Judge

*Jointly Proposed By:*

Todd W. Bonder, Esq.
William Nathan Canby, Esq.
Ryan N. Lapine, Esq.
ROSENFELD MEYER & SUSMAN, LLP
Attorneys for Plaintiff
DEREK SELTZER

-- and --

Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
GREEN DAY TOURING, INC.,
GREEN DAY, INC., BILLIE JOE ARMSTRONG,
FRANK EDWIN WRIGHT, III, MICHAEL PRITCHARD
and WARNER BROS. RECORDS, INC.

-- and --

Bruce Isaacs, Esq.
Robert A. Wyman, Esq.

WYMAN & ISAACS LLP
Attorneys for Defendant
ROGER STAUB

# **EXHIBIT 1**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____[print   or   type   full   name],   of
_____[print or type full address], declare under penalty of perjury that:

1.     I have read and understand the Stipulated Protective Order that was entered by the United States District Court for the Central District of California in the case of *Dereck Seltzer v. Green Day, Inc., etc., et al.,* Case No. CV 10-02103 PSG (RCx).

2.     I agree to comply with and to be bound by all the terms of that Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.

3.     I solemnly promise that I will not disclose in any manner any information or item that is subject to that Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

4.     I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of the foregoing case.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____