O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | Derek Seltzer v. Green Day, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order GRANTING Defendants' motion for summary judgment**

Before the Court is Defendants' motion for summary judgment. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to Defendants' motion, the Court GRANTS the motion.

I.   Background

Plaintiff Derek Seltzer ("Plaintiff"), a self-described "up-and-coming" artist, brings this copyright infringement action against Defendants Billie Joe Armstrong, Frank Edwin Wright III, Michael Pritchard (together "Green Day" or "the band"), Green Day, Inc., Green Day Touring, Inc., Green Day (a partnership), Green Day (a business entity), Warner Bros. Records Inc., Infect Productions, Roger Staub, and Performance Environment Design ("PED") (collectively, "Defendants"), alleging that Defendants violated his intellectual property rights in a work he created entitled *Scream Icon*, a drawing of a "dramatic image of a human face contorted in the expression of a cry or a scream." *See FAC* ¶ 6 [Dkt. # 29 (Nov. 18, 2010)]; *Plante Decl.* ¶ 10 [Dkt. # 69 (June 3, 2011)]. It is undisputed that Green Day, a popular musical band, used *Scream Icon* as part of a video backdrop that was shown during live performances of Green Day's song *East Jesus Nowhere*. *Seltzer Decl.* ¶¶ 2, 9, Ex. 1 [Dkt. # 68 (June 3, 2011)]; *Staub Decl.* ¶¶ 15-16, Exs. 10-13 [Dkt. # 53 (May 9, 2011)].

Plaintiff created *Scream Icon* in 2003, and subsequently reproduced the image on posters and stickers. *Seltzer Decl.* ¶ 2; *see also* Plaintiff's Statement of Genuine Issues ("SGI") ¶ 41 [Dkt. # 70 (June 3, 2011)]. These reproductions were displayed on buildings, walls, street signs,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2103 PSG (PLAx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | Derek Seltzer v. Green Day, Inc., *et al.* | | |

and other public spaces around Los Angeles, including, specifically, a wall at Sunset Boulevard and Gardner Avenue. *Anderson Decl.*, Ex. 1 (*Seltzer Depo.* 29:7-21, 40:6-13, 42:24-25, 51: 8-11, 53:14-21, 54:20-22, 57:13-19, 61:5-22, 68:7-8, Ex. 64) [Dkt. # 54 (May 9, 2011)]. The *Scream Icon* image was also disseminated online. *Id.* at 68:16-23.

In 2008, Defendant Richard Staub, a photographer and set designer, took a photograph of a wall "covered with street art and graffiti" at the intersection of Sunset and Gardner. *Staub Decl.* ¶ 8, Ex. 9 [Dkt. # 53 (May 9, 2011)]. His photograph depicted a "torn and weathered" *Scream Icon* poster, among others. *Id.*; *Mot.* 2:18. Subsequently, in 2009, Staub was hired by the Green Day Defendants and PED to create video backdrops for Green Day's 2009-10 concert tour featuring the band's newly-released album, *21st Century Breakdown*. *Staub Decl.* ¶¶ 8-9. According to Staub, this job required him to listen to and review all of the songs Green Day expected to perform, so he could visually represent the tone, mood, and theme of each song in the corresponding video backdrop. *Id.* ¶ 9.

The eighth track on Green Day's *21st Century Breakdown* album is titled *East Jesus Nowhere*. According to Green Day lead singer Billie Joe Armstrong, who wrote the song, the "underlying theme" of *East Jesus Nowhere* is "the hypocrisy of religions." *Anderson Decl.* ¶ 7(a) (*Armstrong Depo.* 10:15-17). Staub listened to *East Jesus Nowhere* to help him create a video backdrop for the song. *Staub Decl.* ¶ 12; *SGI* ¶ 12. The four-minute video backdrop he ultimately created included a composite image based on his 2008 photograph of the Sunset/Gardner Wall containing the graffiti-covered poster of *Scream Icon*. *Staub Decl.* ¶¶ 13-14, 16, Exs. 9, 11. Specifically, Staub used the portion of his photograph containing the *Scream Icon* poster, altered the color and contrast, added a brick background, and then superimposed a red spray-painted cross over the modified image. *Staub Decl.* ¶ 16, Ex. 12. His video backdrop was displayed behind Green Day when the band performed *East Jesus Nowhere* (one out of approximately 32 songs performed) in concerts from July 2009 to November 2009. *Schneider Decl.* ¶¶ 3-4, 7 [Dkt. # 56 (May 9, 2011)]. The image of *Scream Icon* was not used on any artwork for Green Day's *21st Century Breakdown* album, on any Green Day merchandise, on Green Day concert tickets, or in any television, print, or internet advertisements. *Anderson Decl.* ¶ 13, Ex. A; *Schneider Decl.* ¶ 6.

On March 23, 2010, Plaintiff filed this action, alleging that Defendants used *Scream Icon* without permission, authority, or consent in violation of the Copyright Act, Lanham Act, and state law. Specifically, his Complaint asserts causes of action for direct and contributory copyright infringement, as well as direct and contributory violations of the Lanham Act, 15 U.S.C. § 1125(a), unfair business practices in violation of Cal. Bus. & Prof. Code § 17200, and

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | Derek Seltzer v. Green Day, Inc., *et al.* | | |

dilution under Cal. Bus. & Prof. Code § 14330. *See FAC* [Dkt. # 29 (Nov. 18, 2010)]. Defendants now move for summary judgment, contending, *inter alia*, that their use of the *Scream Icon* image in the video backdrop for *East Jesus Nowhere* was fair use.

II.     Legal Standard

     Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, and "may not rest upon mere allegations or denials of his pleading." *See id.* at 248, 257 (citations omitted).

     A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See Anderson*, 477 U.S. at 248, 250-51.

     If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence. Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue. *See* Fed. R. Civ. P. 56(e).

III.    Discussion

     In moving for summary judgment, Defendants first challenge Plaintiff's claims under the Copyright Act. According to Defendants, these claims fail matter of law because, *inter alia*, Defendant' use of *Scream Icon* in the video backdrop for *East Jesus Nowhere* constitutes fair use of the work pursuant to Section 107 of the Copyright Act. Defendants further contend that summary judgment is proper as to Plaintiff's Lanham Act and state law unfair competition claims on grounds that the claims are preempted, barred by the doctrines of unclean hands and

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | Derek Seltzer v. Green Day, Inc., *et al.* | | |

estoppel, and the undisputed evidence shows there has been no trademark use. For reasons explained below, the Court agrees that summary judgment is proper on all of Plaintiff's claims.

    A.    <u>Copyright Infringement Claims (First and Second Causes of Action)</u>

In order to establish a claim of copyright infringement, Plaintiff must establish (1) ownership of a valid copyright and (2) unauthorized copying or a violation of one of the other exclusive rights afforded copyright owners pursuant to the Copyright Act. *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003). Defendants appear to concede both elements in this case. They argue, however, that Plaintiff's copyright claims nonetheless fail as a matter of law because, *inter alia*, their use of *Scream Icon* in the video backdrop qualifies as fair use. Because a finding of fair use negates all liability stemming from Defendants' use of the image, the Court need not address either the validity of Plaintiff's claim of copyright ownership or any issues relating to the contributory liability claim against the individual band members. *See Bill Graham Archives, LLC. v. Dorling Kindersley Ltd.*, 386 F. Supp. 2d 324, 327 (S.D.N.Y. 2005).

        1.    *Fair Use Doctrine*

"Fair use" of a copyrighted work "is not an infringement of copyright" under the Copyright Act. 17 U.S.C. § 107. The fair use doctrine "creates a limited privilege in those other than the owner of a copyright to use the copyrighted material in a reasonable manner without the owner's consent," *Fisher v. Dees*, 794 F. 2d 432, 435 (9th Cir. 1986), and "permits courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which the law is designed to foster." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577, 114 S.Ct. 1164, 127 L. Ed. 2d 500 (1994) (internal quotations omitted). To determine whether the use of a particular copyrighted work qualifies as fair use, courts consider four factors: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. § 107. These four factors, however, are not to be treated in isolation; rather, all factors "are to be explored, and the results weighed together." *Campbell*, 510 U.S. at 578.

        a.    <u>First Factor: Purpose and Character of the Use</u>

The first factor in the fair use analysis is "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purpose." 17 U.S.C. §

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | Derek Seltzer v. Green Day, Inc., *et al.* | | |

107(1). The focus of this inquiry is "whether the new work merely supersede[s] the objects of the original creation or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message; it asks, in other words, whether and to what extent the new work is 'transformative.'" *Campbell*, 510 U.S. at 579 (internal quotations and citations omitted). A work is considered transformative where "the secondary use adds value to the original - if [copyrightable expression in the original work] is used as raw material, transformed in the creation of new information, new aesthetics, new insights and understandings - this is the very type of activity that the fair use doctrine intends to protect for the enrichment of society." *Castle Rock Entm't v. Carol Pub Group, Inc.*, 150 F.3d 132, 142 (2nd Cir. 1998) (internal quotations and citations omitted); *see also Wall Data, Inc. v. L.A. County Sheriff's Dep't*, 447 F.3d 769, 778 (9th Cir. 2006) ("A use is considered transformative only where a defendant changes a plaintiff's copyrighted work or uses the plaintiff's copyrighted work in a different context such that the plaintiff's work is transformed into a new creation."). Although a transformative purpose is not required for a finding of fair use, as the Supreme Court explained in *Campbell*, because the creation of transformative works further the goal of copyright in promoting science and the arts, "[s]uch works thus lie at the heart of the fair use doctrine's guarantee of breathing space within the confines of copyright." *Campbell*, 510 U.S. at 579. Accordingly, "the more transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use." *Id.*

In this case, the Court agrees with Defendants that the video backdrop created for *East Jesus Nowhere* is transformative. The different visual elements Staub added, including graffiti, a brick backdrop, and (especially) the large red cross over the image, considered in connection with the music and lyrics of *East Jesus Nowhere*, "add[ ] something new, with a further purpose or different character" than Plaintiff's original work. *Campbell*, 510 U.S. at 579; *see also Sandoval v. New Line Cinema Corp.*, 973 F. Supp. 409, 413 (S.D.N.Y. 1997) (holding that the defendants' use of the plaintif's photographs in a movie scene was transformative because the "defendants used the visual images created in the plaintiff's work in furtherance of the creation of a distinct visual aesthetic and overall mood for the moviegoer watching the scene in the killer's apartment"). The parties do not actually appear to dispute this. Staub testified that he added a large red cross to the image of a torn *Scream Icon* poster to visually represent the "relationship between organized religion and pain and suffering," which he felt was consonant with the theme of *East Jesus Nowhere*. *Staub Decl.* ¶¶ 8, 12, 13, 15. Plaintiff, in contrast, stated that he created *Scream Icon* to address "themes of youth culture, skateboard culture, [and] insider/outsider culture." *Anderson Decl.*, Ex. 1 (*Seltzer Depo*. 101:1-5) [Dkt. # 54 (May 9, 2011)].

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | Derek Seltzer v. Green Day, Inc., *et al.* | | |

Moreover, in complaining about how Defendants used *Scream Icon*, Plaintiff effectively concedes that Defendants' use was transformative. To wit, he testified that Defendants' use of *Scream Icon* in the video backdrop for *East Jesus Nowhere*:

> [T]ainted the original message of the image and [ ] made it now synonymous with lyrics, a video, and concert tour that it was not originally intended to be used with….. I make an image, I produce it, I tailor it to my needs, the concept, the content, and then someone comes along, defaces the image, puts a red cross on it. I mean, maliciously devalues the original intent and then shows it to thousands upon thousands of people.

*Seltzer Depo*. 157:24-158:2; 158:14-19. Thus, as there appears to be no dispute that Defendants added new meaning to Plaintiff's work, the Court holds that the video backdrop created by Staub using *Scream Icon* was transformative. *See Kelly v. Arriba Soft Corp*., 336 F.3d 811, 818-19 (9th Cir. 2003) (holding that "even making an exact copy of a work may be transformative so long as the copy serves a different function than the original work.").

In addition, the first fair use factor requires the Court to consider whether Plaintiff's copyrighted work "is of a commercial nature or is for nonprofit educational purposes." 17 U.S.C. § 107(1); *Campbell*, 510 U.S. at 584 (noting that "the mere fact that a use is educational and not for profit does not insulate it from a finding of infringement, any more than the commercial character of a use bars a finding of fairness."). In engaging in this inquiry, the Court finds the Ninth Circuit's decision in *Kelly v. Arriba Soft Corp*., 336 F.3d 811, 818 (9th Cir. 2003), particularly instructive. In *Kelly*, a photographer brought a direct infringement claim against Arriba, the operator of an Internet search engine that provided thumbnail versions of the photographer's images in response to search queries. Id. at 815-16. The court found that Arriba's use of the thumbnail images was a fair use because, among other reasons, the commercial use of the images was merely incidental. *Id.* at 818-22. To this end, it reasoned that even though Arriba operated its web site for commercial purposes, and the Plaintiffs' images were part of the search engine databases, the commercial nature of the use weighed only slightly against a finding of fair use, because Arriba "was neither using [plaintiff's] images to directly promote its web site nor trying to profit by selling [plaintiff's] images." *Id.* at 818.

The same is true in this case. Although Plaintiff is correct that Defendants profited from the concert tour, the commercial significance of Defendants' use of *Scream Icon* is minimal, if not negligible. The *Scream Icon* image was not used on any merchandise, ticket stubs, or

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | Derek Seltzer v. Green Day, Inc., *et al.* | | |

advertisements, *Schneider Decl.* ¶ 4, 6-7 [Dkt. # 56 (May 9, 2011)], and Plaintiff presents no evidence otherwise showing that Defendants used *Scream Icon* to directly promote Green Day's concert tours or increase concert sales. Accordingly, to the extent that Defendants' use of *Scream Icon* can be categorized as "commercial" this consideration weights only slightly against a finding of fair use. *See Blanch v. Koons*, 467 F.3d 244, 254 (2d Cir. 2006) (finding that the district court properly discounted the secondary commercial nature of the use because the work was substantially transformative).

In sum, because the Court finds that the work is substantially transformative, and minimally commercial in nature, it therefore holds that the first factor weighs strongly in favor of fair use.

        b.        <u>Second Factor: Nature of the Copyrighted Work</u>

The second factor in the fair use inquiry is "the nature of the copyrighted work." 17 U.S.C. § 107(2). In general, "[w]orks that are creative in nature are closer to the core of intended copyright protection than are more fact-based works." *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 820 (9th Cir. 2003). The fact that a work is published or unpublished, however, is also a critical element of its nature. *Id.* (*Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 565 (1985)). Courts are more likely to find fair use when a work is published, because the first appearance of the artist's expression has already occurred. *Id.*

Here, it is undisputed that *Scream Icon*, Plaintiff's image of a frightened, fang-toothed human face, is creative in nature. *Plante Decl.* ¶ 10 [Dkt. # 69 (June 3, 2011)]. The creative nature of Plaintiff's work, however, does not automatically tilt this factor in favor of Plaintiff. The fact that *Scream Icon* was published and appeared on the internet before Green Day used the image is also critical in determining whether the use of *Scream Icon* qualifies as fair use. Here, again, *Kelly* is instructive. In *Kelly*, the Ninth Circuit held that the second factor weighed slightly against fair use, reasoning that although the plaintiff's images were creative in nature, the images had also appeared on the internet before the defendant had used them. 336 F.3d at 820. Accordingly, the Court holds that, as in *Kelly*, the second factor weighs slightly against fair use.

        c.        <u>Third Factor: Amount and Substantiality of the Use</u>

The third factor in the fair use inquiry considers the "amount and substantiality of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. § 107(3). Under this factor, courts must determine whether "'the quantity and value of the materials used' . . . are

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2103 PSG (PLAx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | Derek Seltzer v. Green Day, Inc., *et al.* | | |

reasonable in relation to the purpose of the copying." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 586 (1994) (internal quotations omitted). While copying work in its entirety generally weighs against a finding of fair use, the "extent of permissible copying varies with purpose and character of the use." *Id.* at 586-87; *see also Kelly*, 336 F.3d at 820-21 ("If the secondary user only copies as much as is necessary for his or her intended use, then this factor will not weigh against him or her."). A proper analysis involves both a quantitative and qualitative evaluation of the materials used. *Campbell*, 510 U.S. at 587.

Here, as previously noted, Defendants used *Scream Icon* as part of a composite image in a video backdrop containing numerous other images, graphical elements, and visual effects. *Staub Decl*. ¶¶ 13-14, Ex. 11 [Dkt. # 53 (May 9, 2011)]. Plaintiff suggests that because Defendants' use goes to the very "heart" of Plaintiff's original work, it therefore weighs heavily against a finding of fair use. *Opp*. 10:9-15. The Court, however, disagrees. Even though Defendants used substantial portions of Plaintiff's work, the image of *Scream Icon* in Staub's video backdrop was but one of many visual elements used to convey the mood, tone, and meaning of Green Day's *East Jesus Nowhere*. Accordingly, the Court finds that the third factor weighs in favor of fair use, albeit only slightly. *See Bill Graham Archives, LLC. v. Dorling Kindersley Ltd.*, 386 F. Supp. 2d 324, 330-31 (S.D.N.Y. 2005) (finding that even though the copied images were reproduced in their entirety, the reproductions did not capture the "heart" of the original work because they formed "only a small part of a book meant to represent the Grateful Dead's history and [were] displayed among hundreds of other images and text").

d. <u>Fourth Factor: Effect of the Use on the Market for the Work</u>

The fourth fair use factor considers "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(4). Under this factor, courts must "consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also 'whether unrestricted and widespread conduct of the sort engaged in by the defendant . . . would result in a substantially adverse impact on the potential market' for the original." *Campbell*, 510 U.S. at 590 (internal citation omitted); *see also American Geophysical Union v. Texaco, Inc.*, 60 F.3d 913, 930 (2d Cir. 1994) ("Only an impact on potential licensing revenues for traditional, reasonable, or likely to be developed markets should be legally cognizable when evaluating a secondary use's effect upon the potential market for or value of the copyrighted work.") (internal citations and quotations omitted). Use of a copyrighted work which does not usurp the market for the original or potential derivative uses weighs in favor of fair use. *Campbell*, 510 U.S. at 590; *see also Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 821 (9th Cir. 2003) (noting that a transformative work is "less likely to have an adverse impact on the market

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | Derek Seltzer v. Green Day, Inc., *et al.* | | |

of the original than a work that merely supersedes the copyrighted work.") (internal citations omitted).

The record in this case contains no evidence that Defendants' use of *Scream Icon* in the video backdrop of *East Jesus Nowhere* harmed the market for Plaintiff's work. Plaintiff admits that no collectors ever told him they would not buy his work because of Defendants' video backdrop. *Anderson Decl.*, Ex. 1 (*Seltzer Depo.* 162:13-22). As support for his claim that he lost licensing revenues, Plaintiff points to his own statements in declarations that (1) he once licensed the use of *Scream Icon* in a music video for a song by the band "People," *Seltzer Decl.* ¶ 7 [Dkt. # 68 (June 3, 2011)]; and (2) that, although he had been "approached by other musical groups interested in licensing the use of *Scream Icon* in association with their work" prior to Defendants' use of *Scream Icon*, he has not been approached for any such licensing since Green Day's concert tour. *Id.* ¶ 8.

Neither statement, however, suffices to defeat summary judgment on this claim. Not only does Plaintiff fail to offer evidence of any *revenues* from licensing *Scream Icon* to "People," as another federal district court noted, "the fact that a copyright holder has previously secured licenses does not make a given market traditional, reasonable, or likely to be developed." *Bill Graham Archives, LLC. v. Dorling Kindersley Ltd.*, 386 F. Supp. 2d 324, 332 (S.D.N.Y. 2005) (internal citations omitted). Plaintiff's second statement, that he'd been "approached" about licensing *Scream Icon* before – but not after – Green Day used his image, is too vague and unsubstantiated to raise a triable issue of fact as to whether Defendants' use harmed the market for Plaintiff's work. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) ("The party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial.").

The Court also notes that because Defendants' use of *Scream Icon* was transformative, it is not likely to usurp the original or derivative market for Plaintiff's work. *See On Davis v. The Gap, Inc.*, 246 F.3d 152, 176 (2d Cir. 2001) ("market effect must be evaluated in light of whether the secondary use is transformative.") (internal citations omitted); *see also Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 821-22 (9th Cir. 2003) (finding that the defendant's use of the copyrighted work did not harm the market, in part, because the thumbnail images were not a substitute for the full-sized images). Given the fundamentally different purposes of the two works, Staub's use of a modified version of the *Scream Icon* image in the *East Jesus Nowhere* video backdrop cannot reasonably be deemed a market substitute for Plaintiff's original *Scream Icon* image. In sum, this final factor weighs in Defendants' favor as well.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | Derek Seltzer v. Green Day, Inc., *et al.* | | |

e. Conclusion as to Fair Use

After weighing the factors discussed above, the Court concludes that Defendants' use of Plaintiff's *Scream Icon* image is a non-infringing "fair use" under Section 107 of the Copyright Act. Staub's inclusion of *Scream Icon* as a composite image in the video backdrop for *East Jesus Nowhere* was highly transformative, and the record is void of evidence suggesting that such use adversely affected the potential market for Plaintiff's work. As a matter of law, the findings on these two factors outweigh any other fair use consideration favoring Plaintiff. *See Sandoval v. New Line Cinema Corp.*, 973 F. Supp. 409, 414 (S.D.N.Y. 1997). Accordingly, Defendants' motion for summary judgment on Plaintiff's claims under the Copyright Act is GRANTED.

B. Lanham Act Claims

Plaintiff's third and fourth causes of action charge Defendants with direct and contributory violations of the Lanham Act, 15 U.S.C. § 1125(a). Specifically, Plaintiff attests that the use of *Scream Icon* in Staub's video backdrop "constitutes acts of unfair competition, false designation of origin and false representation of affiliation[.]" *FAC* ¶ 43.

In evaluating Defendants' motion for summary judgment on these claims, the Court first considers whether Plaintiff has produced admissible evidence showing that he has a valid, protectable trademark in the work at issue. *See Rearden LLC v. Rearden Commerce, Inc.*, No. C 06-7367 MHP, 2010 WL 2650516, at *3-4 (N.D. Cal., July 1, 2010) (citing *Brookfield Comm. Inc. v. West Coast Ent. Corp.*, 174 F.3d 1036, 1047, 1053 (9th Cir. 1999)). The Lanham Act defines a trademark as any "word, name, symbol, device or any combination thereof-(1) used by a person, or (2) which a person has a bona fide intention to use in commerce and applies to register ... to identify and distinguish the goods of one person, including a unique product, from those manufactured and or sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127; *see also Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1156 (9th Cir. 2001). Common law and statutory trademark rights are established through actual use in commerce, not registration or self-designation. 15 U.S.C. § 1125(a) ("Any person who ... uses in commerce any word, term, [or] name ... which is likely to cause confusion ... shall be liable in a civil action ...."); *see also Sengoku Works Ltd. v. RMC Int'l Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996) ("To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services."). Under the Lanham Act, use in commerce requires "the bona fide use of a mark in the ordinary course of trade, and not made

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | Derek Seltzer v. Green Day, Inc., *et al.* | | |

merely to reserve a right in a mark." 15 U.S.C. § 1127. "For both goods and services, the 'use in commerce' requirement includes (1) an element of actual use, and (2) an element of display." *Chance*, 242 F.3d at 1159.

Here, Plaintiff fails to present admissible evidence showing that he used the mark in the sale of goods or services. He admitted that Scream Icon has never been used on labels or any merchandise, *Anderson Decl.*, Ex. 1 (*Seltzer Depo*. 43:7-11, 46:1-3) [Dkt. # 54-1 (May 9, 2011)], and testified that he has made no use of Scream Icon other than "as a piece of artwork." *Id.* at 46:22-23. In opposing Defendants' motion, Plaintiff merely points to his own statement that he has "used Scream Icon to identify [him] and [his] work." *Seltzer Decl*. ¶ 6 [Dkt. # 68 (June 3, 2011)]. Attached to this declaration (though not specifically referenced in his opposing papers) is a gallery card which appears to identify Plaintiff by his "stage name," "Euthanasia," as well as a small image of a woman looking at a painting of *Scream Icon*. *Id.*, Ex. 3.

This, however, cannot rescue Plaintiff's Lanham Act claims. That Plaintiff may have adopted *Scream Icon* as a means of self-identification simply does not mean he used his *Scream Icon* image in connection with the sale of goods. Moreover, while Plaintiff presumably submitted the gallery card to show that he publicly identified himself as the maker, sponsor, or endorser of *Scream Icon*, his use of a pseudonym on the card actually undermines his claim of misattribution and unfair competition in violation of the Lanham Act. A consumer who viewed the gallery card would not associate the image with Derek Seltzer; the artist associated with the image on the card is identified only as "Euthanasia." And even assuming that a painting of *Scream Icon* qualifies as "goods" within the meaning of the Lanham Act, no triable issue of fact is created by Plaintiff's testimony that he sold copies of the *Scream Icon* painting in galleries because there is no evidence that any copies were sold prior to Defendants' allegedly infringing use. *Anderson Decl*., Ex. 1 (*Seltzer Depo*. 39:1-9).

Moreover, even if the record did contain evidence showing that Plaintiff used *Scream Icon* as a mark in commerce, Plaintiff's Lanham Act claims would still fail as a matter of law because *Defendants* did not use the image for trademark purposes. As the Ninth Circuit explained in *Int'l Order of Job's Daughters v. Lindeburg and Co.*, 633 F.2d 912, 916 (9th Cir. 1980):

> [i]n general, trademark law is concerned only with identification of the maker, sponsor, or endorser of the product so as to avoid confusing consumers. Trademark law does not prevent a person from copying so-called 'functional' features of a product which

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | Derek Seltzer v. Green Day, Inc., *et al.* | | |

constitute the actual benefit that the consumer wishes to
purchase, as distinguished from an assurance that a particular
entity made, sponsored, or endorsed a product.

*Id.* at 917 (internal citations omitted). The court went on to instruct that in determining whether an allegedly infringing use was for functional or trademark purposes, "a court must closely examine the articles themselves, the defendant's merchandising practices, and any evidence that consumers have actually inferred a connection between the defendant's product and the trademark owner." *Id.* at 919.

The Ninth Circuit recently applied this standard in *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 636 F.3d 1115 (9th Cir. 2011), holding that the defendant used the plaintiff's Betty Boop image as a functional product, rather than a trademark, on defendant's merchandise. *Id.* at 1124-25. Specifically, the court reasoned that the defendant never designated its merchandise as "official" or otherwise affirmatively indicated sponsorship, and that the plaintiff failed to "show a single instance in which a customer was misled about the origin, sponsorship, or endorsement of [A.V.E.L.A.'s products], nor that it received any complaints about [A.V.E.L.A.'s] wares." *Id*. at 1124 (quoting *Job's Daughters*, 633 F.2d at 919). Accordingly, it affirmed the district court's decision granting summary judgment on the plaintiff's trademark infringement claims. *Id.* at 1124-25.

Invoking *Job's Daughters*, Plaintiff argues that "the facts demonstrate that Green Day made use of the iconic mark as an iconic mark, not as something functional to be purchased." *Opp'n* 22:7-9. The Court disagrees and finds that, to the contrary, Plaintiff's Lanham Act claims fail as a matter of law under the *Job's Daughters* test. Not only did Defendants never give any indicia of sponsorship by Plaintiff, there are not even "merchandising practices" to speak of in this case. Rather, it is undisputed that Defendants did not sell any merchandise, videos, albums, or tickets displaying Plaintiff's *Scream Icon* image. *Schneider Decl.* ¶¶ 6-7. Additionally, the Court notes that Plaintiff has produced no evidence showing that any "customer" of Defendants' "product" was misled about the origin of *Scream Icon*.

In sum, because the Court finds that neither Plaintiff nor Defendants used the *Scream Icon* image in commerce as a trademark, Defendants' motion for summary judgment is therefore GRANTED on Plaintiff's third and fourth causes of action for violations of the Lanham Act.

    C.    <u>State Law Claims</u>

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | Derek Seltzer v. Green Day, Inc., *et al.* | | |

Lastly, Defendants argue that they are entitled to summary judgment on Plaintiff's state law claims for unfair competition and dilution. Again, the Court agrees.

California's Unfair Competition Law ("UCL") defines unfair competition as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiff's allegations with respect to the unlawful prong of the UCL are identical to his claims under the Copyright and Lanham Acts; thus, for the reasons stated above, summary judgment on this prong is granted in favor of Defendants.

To determine whether a business practice is "unfair," "the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1103-04, 53 Cal. Rptr. 2d 229 (1996). While the Court agrees that Plaintiff's unfair business practice claim is not barred by the Copyright Act, as Defendants so claim, Plaintiff nonetheless fails to present any affirmative evidence supporting an "unfair" practice in violation of Section 17200. Rather, he merely states that "his claims under the Lanham Act survive summary judgment, and that his claim for unfair business practices "has also been established for the same reasons." *Opp'n* 23:15-20. Pure argument, with no supporting evidence, does not defeat summary judgment under the Rule 56 standard. Moreover, in light of the Court's prior ruling that Plaintiff's Lanham Act fails as a matter of law because there is no evidence that *Scream Icon* was ever used as a trademark, it is unclear it is unclear how the "same reasons" support a finding that Defendants' use of *Scream Icon* was "unfair." Accordingly, the Court finds that summary judgment in favor of Defendants on this prong is appropriate.

Plaintiff's claim under the "fraudulent" prong under Section 17200 fails on similar grounds. "The lack of a strong likelihood of confusion can defeat the potential for deception." *See Rearden LLC v. Rearden Commerce, Inc.*, No. C 06-7367 MHP, 2010 WL 2650516, at *10 (N.D. Cal. July 1, 2010). Here, there is no evidence that either party used *Scream Icon* as a mark, let alone evidence that consumers were confused as to the source or origin of the image shown in the video backdrop during Green Day's concerts. Summary judgment in Defendants' favor is therefore granted on the UCL's third prong under as well.

Additionally, the Court holds that Plaintiff also may not maintain his sixth cause of action for dilution and business injury in violation of Cal. Bus. & Prof. Code § 14330. Section 14330 was repealed by statute, effective January 1, 2008. *See* Stats. 2007, c.711 (A.B. 1484), § 1; *see also Mattel, Inc. v. MGA Entertainment, Inc.*, CV 04-9049 DOC, 2011 WL 1114250, 71 (C.D. Cal. Jan. 5, 2011). "The repeal of a statute creating a penalty, running either to an individual or

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | Derek Seltzer v. Green Day, Inc., *et al.* | | |

the state, at any time before final judgment, extinguishes the right to recover the penalty." *Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083, 1090 (N.D. Cal. 2008) (internal citation omitted). Thus, based on the foregoing, the Court holds that Plaintiff's state law claims for unfair competition and dilution fail as a matter of law.

IV. Conclusion

In sum, for reasons set forth above, Defendants' motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**