O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#108/12/113

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | November 17, 2011 |
|---|---|---|---|
| Title | Dereck Seltzer v. Green Day, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Granting Defendants' Motion for an Award of Attorneys' Fees

Before the Court is Defendants' motion for an award of attorneys' fees. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the motion.

I.    Background

On March 23, 2010, Plaintiff Derek Seltzer ("Plaintiff"), an artist, brought suit against Defendants Billie Joe Armstrong, Frank Edwin Wright III, Michael Pritchard (together "Green Day" or "the band"), Green Day, Inc., Green Day Touring, Inc., Green Day (a partnership), Green Day (a business entity), Warner Bros. Records Inc. (collectively, "the Green Day defendants"), Infect Productions, Roger Staub, and Performance Environmental Design ("PED") (collectively, "Defendants"), alleging that Defendants violated his intellectual property rights by using his work, *Scream Icon*, as part of a video backdrop shown during live performances of Green Day's song *East Jesus Nowhere*. Plaintiff asserted causes of action for direct and contributory copyright infringement, as well as direct and contributory violations of the Lanham Act, 15 U.S.C. § 1125(a), unfair business practices in violation of Cal. Bus. & Prof Code § 17200, and dilution under Cal. Bus. & Prof. Code § 14330. *See FAC* [Dkt. # 29 (Nov. 18, 2010)].

On August 18, 2011, this Court granted summary judgment in favor of Defendants on all claims. *See Order* [Dkt. # 100 (Aug. 18, 2011)]. The Green Day defendants now move for an award of attorney's fees pursuant to the Copyright Act (17 U.S.C. § 505), the Lanham Act (15 U.S.C. § 1117(a)), and Federal Rule of Civil Procedure 36(a). *See Mot.* [Dkt. # 108 (Sept. 9,

Case 2:10-cv-02103-PSG-PLA Document 136 Filed 11/17/11 Page 2 of 12 Page ID #:2597

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#108/12/113

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | November 17, 2011 |
|---|---|---|---|
| Title | Dereck Seltzer v. Green Day, Inc., *et al.* | | |

2011)]. Defendants Roger Staub and Performance Environmental Design timely joined the motion. *See* [Dkt. # 112 (Sept. 9, 2011); Dkt. # 113 (Sept. 9, 2011)].

II.     Legal Standard

Under the so-called "American Rule," each party in a lawsuit is ordinarily responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). An award of fees may however be made pursuant to a statute or rule providing for the shifting of fees to the losing party. *United States v. Standard Oil Co. of Cal.*, 603 F.2d 100, 103 (9th Cir. 1979).

III.    Discussion

   A.   Attorney's Fees under the Copyright Act

The Copyright Act provides that in civil copyright actions the court may "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. However, not every successful claim or defense will result in an award of attorney's fees. *See Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996). Rather, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded [] only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). The pivotal inquiry is whether the successful defense furthered the goals of the Copyright Act. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 559-60 (9th Cir. 1996); *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 816 (9th Cir. 2003) (citing *Fogerty*, 510 U.S. at 527).

"While it is true that *one* of the goals of the Copyright Act is to discourage infringement, it is by no means the *only* goal of that act." *Fogerty*, 510 U.S. at 526 (emphasis in original). "[T]he policies served by the Copyright Act are more complex, more measured than simply maximizing the number of meritorious suits for copyright infringement." *See id.* Indeed, the primary objective of the Copyright Act is "not to reward the labor of authors," but to "promote the Progress of Science and useful Arts" by "encourag[ing] the production of original literary, artistic, and musical expression for the good of the public." *See Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 349-50 (1991) (citations omitted); *Fogerty*, 510 U.S. at 524; *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975) ("The immediate effect of our copyright law is to secure a fair return for an 'author's' creative labor. But the ultimate aim is, by this incentive, to stimulate artistic creativity for the general public good."). "To this end, copyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work." *Feist*, 499 U.S. at 349-50.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#108/12/113

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | November 17, 2011 |
|---|---|---|---|
| Title | Dereck Seltzer v. Green Day, Inc., *et al.* | | |

In deciding whether to award attorney's fees courts may look to several nonexclusive factors, often referred to as the "*Lieb* factors," and may apply them "so long as they are consistent with the purposes of the Copyright Act and are applied evenly to prevailing plaintiffs and defendants." *See Fantasy*, 94 F.3d at 560. These factors are: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. *See Fogerty*, 510 U.S. at 535 n.19. While a court's discretion may be influenced by the plaintiff's culpability in bringing or pursuing the action, "blameworthiness is not a prerequisite to awarding fees." *See Fantasy*, 94 F.3d at 558. Courts may also consider "whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff." *Ets-Hokin v. Skyy Spirits Inc.*, 323 F.3d 763, 766 (9th Cir. 2003). "[E]ach case will turn on its own particular facts and equities," and an attorney's fee award to a prevailing defendant rests within the "sound discretion of the district court informed by the policies of the Copyright Act." *Fantasy*, 94 F.3d at 558; *see also Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997) (noting that courts are given "wide latitude" in the exercise of their equitable discretion).

    1.    <u>Application</u>

The Court first addresses Plaintiff's argument that attorney's fees are unavailable in this case because Defendants concede "over and over again" that they infringed Plaintiff's copyrighted work, and because a "seminal" Ninth Circuit decision "squarely answered the question of whether attorney's fees [] should be awarded against a copyright holder [where] defendants prevailed on summary judgment due to a finding of fair use…." *See Pl. Opp.* 1:12-16, 4:21-26 (citing *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148 (9th Cir. 1986). Plaintiff contends that "attorney's fees should not be awarded here," following *Hustler* and "a litany of other cases," because Plaintiff's claim was not frivolous or objectively unreasonable. *See Mot.* 6:7-12. This argument is factually inaccurate and rests on a long-overruled standard for awarding attorney's fees in copyright cases. First, as the plain language of 17 U.S.C. § 107 and this Court's Order make clear, the fair use "of a copyrighted work 'is not an infringement of copyright' under the Copyright Act." *See Order,* p. 4 (quoting 17 U.S.C. § 107). Second, Plaintiff's citation to *Hustler*, a case applying the "dual" standard rejected by the Supreme Court in *Fogerty*, edges close to an affirmative attempt to mislead the Court.

Under the so-called "dual" standard for awarding attorney's fees in copyright actions, prevailing plaintiff's were awarded attorney's fees as a matter of course, while defendants were awarded attorney's fees only upon a showing that a plaintiff's claim was objectively unreasonable or frivolous. *See Fogerty*, 510 U.S. at 520; *Hustler*, 796 F.2d at 1156 ("An award

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#108/12/113

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | November 17, 2011 |
|---|---|---|---|
| Title | Dereck Seltzer v. Green Day, Inc., *et al.* | | |

of attorneys' fees to the defendant represents "a penalty for the institution of a frivolous or bad faith suit") (citing *Jartach, Inc. v. Clancy*, 666 F.2d 403, 407 (9th Cir. 1982)). Applying this standard, the Court in *Hustler* denied attorneys fees to a prevailing defendant on the grounds that the plaintiff's position was "not 'ludicrous'" and there was no evidence of bad faith. *See Hustler*, 796 F.2d at 1156-57. Plaintiff claims that *Hustler* and the precedent on which it rests is "still not only good law, but [is] directly on point" in fair-use cases because "[t]hese are the same factors set forth in *Fogerty*," and this line of cases "involved these factors being applied to a prevailing defendant and not the much more permissive standards applied to a prevailing plaintiff that *Fogerty* remedied." *Pl. Opp.* 6:23-28.

Contrary to Plaintiff's assertion, *Fogerty* did not merely hold that prevailing plaintiffs should no longer be awarded attorney's fees as a matter of course – the Supreme Court overturned a denial of attorney's fees to a prevailing *defendant* under the "dual" standard and explicitly rejected the idea that prevailing defendants are to be treated differently than prevailing plaintiffs. *See Fogerty*, 510 U.S. at 534-35 ("Because the Court of Appeals erroneously held petitioner, the prevailing defendant, to a more stringent standard than that applicable to a prevailing plaintiff, its judgment is reversed."). The Court also made clear that application of the *Lieb* factors, including frivolousness and objective reasonableness, is permissive and appropriate only where their consideration remains "faithful to the purposes of the Copyright Act." *See id.* Any lingering doubt regarding the continued vitality of the "frivolousness" requirement was resolved by the Ninth Circuit in *Fantasy*: "We hold that, after [*Fogerty*], an award of attorney's fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts, and that such discretion is not cabined by a requirement of culpability on the part of the losing party." *See Fantasy*, 94 F.3d at 555, 560 ("a finding of bad faith, frivolous or vexatious conduct is no longer required"). As *Fantasy* makes clear, "[f]aithfulness to the purposes of the Copyright Act" – not frivolousness – is "the pivotal criterion." *See id.* at 580.

The Court also rejects Plaintiff's argument that attorney's fees should not be awarded in fair use cases as contrary to the clear import of the Ninth Circuit's decision in *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 816 (9th Cir. 2003). In *Mattel*, the Ninth Circuit upheld the district court's fair use determination before considering whether the district court had erred in denying fees to the prevailing defendant. *See Mattel*, 353 F.3d at 799, 814. In reversing the lower court's denial of attorney's fees, the Ninth Circuit gave no indication that such fees were precluded because the defendant prevailed under a fair use theory. *See id.* at 814-16. Rather, the Court merely reaffirmed the familiar standard to be applied on remand – whether the successful defense of the action "furthered the purposes of the [Copyright] Act." *See id.* at 816 (citing *Fogerty*, 510 U.S. at 527).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#108/12/113

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | November 17, 2011 |
|---|---|---|---|
| Title | Dereck Seltzer v. Green Day, Inc., *et al.* | | |

As Plaintiff notably fails to acknowledge either *Fantasy* or *Mattel*, the Court turns to the "pivotal" inquiry of whether the Defendants' successful fair use defense furthered the purposes of the Copyright Act, and concludes that it did. *See id.* at 558. The Court finds the Ninth Circuit's decision in *Fantasy* instructive. In that case, the Ninth Circuit considered the propriety of a fee award to John Fogerty, former lead singer and songwriter for Creedence Clearwater Revival. *See Fantasy*, 94 F.3d at 555. Fantasy, Inc., the band's former record label, brought suit against Fogerty alleging that his new song "The Old Man Down the Road" infringed the copyright on another of his earlier songs now owned by Fantasy. *See id.* at 556. Following a favorable jury verdict on the merits and numerous appeals, the district court granted defendant's request for attorney's fees. *See id.* Plaintiff appealed the fee award. *See id.* In upholding the fee award, the Ninth Circuit approved the following analysis as consistent with the considerations announced by the Supreme Court:

> First, [John] Fogerty's vindication of his copyright in "The Old Man Down the Road" secured the public's access to an original work of authorship and paved the way for future original compositions - by Fogerty and others - in the same distinctive "Swamp Rock" style and genre. Thus, the district court reasoned, Fogerty's defense was the type of defense that furthers the purposes underlying the Copyright Act and therefore should be encouraged through a fee award. Further, the district court found that a fee award was appropriate to help restore to Fogerty some of the lost value of the copyright he was forced to defend. In addition, Fogerty was a defendant author and prevailed on the merits rather than on a technical defense, such as the statute of limitations, laches, or the copyright registration requirements. Finally, the benefit conferred by Fogerty's successful defense was not slight or insubstantial relative to the costs of litigation, nor would the fee award have too great a chilling effect or impose an inequitable burden on Fantasy, which was not an impecunious plaintiff.

*See id.* at 556-58.

The Court rejected Fantasy's argument that an award of attorney's fees according to these criteria would improperly introduce the "British rule" in copyright actions, noting that:

> copyright claims do not always involve defendant authors, let alone defendant authors accused of plagiarizing themselves, and do not always implicate the ultimate interests of copyright; copyright defendants do not always reach the merits, prevailing instead on technical defenses; defenses may be slight or insubstantial relative to the costs of litigation; the chilling effect of attorney's fees

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#108/12/113

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | November 17, 2011 |
|---|---|---|---|
| Title | Dereck Seltzer v. Green Day, Inc., *et al.* | | |

> may be too great or impose an inequitable burden on an impecunious plaintiff; and each case will turn on its own particular facts and equities.

*See id.* at 560.

The present case is factually similar to *Fantasy*. As in *Fantasy*, this case involves defendant authors. Defendant Roger Staub is a photographer and set designer who photographed a torn *Scream Icon* poster, altered the color and contrast, added a brick background, and superimposed a red spray-painted cross over the image. *See Order*, p. 2. Straub then included his modified image as part of a four-minute video backdrop composed of numerous other images, graphical elements, and visual effects designed to be displayed during live performances of *East Jesus Nowhere*. *See Order,* p. 2, 8. The Green Day defendants are musicians and lyricists whose live performances enhanced the transformative meaning of the video backdrop and added another layer of protectable expression in the overall concert-experience of *East Jesus Nowhere*. Just as John Fogerty's defense of his copyright in "the Old Man Down the Road" vindicated his right and the right of others to compose music in the distinctive "Swamp Rock" style, Staub and the Green Day defendants' successful defense of the video backdrop and the *East Jesus Nowhere* performance-experience secured the public's access to these works and paved the way for the Defendants and others to manipulate and reinterpret street art in the creation of future multimedia compilations. *See Fantasy*, 94 F.3d at 556. Because the Defendants' success "enrich[ed] the general public through access to creative works," paved the way for the creation of new works, and furthered the Copyright Act's "peculiarly important" interest in demarcating the boundaries of copyright law, the Court finds that the fair use defense of the video backdrop and the *East Jesus Nowhere* live performance implicated the ultimate interests of copyright and should be encouraged. *See id.*; *Fogerty*, 510 U.S. at 527 (defendants "who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them").

Other factors discussed in *Fantasy* similarly tip in Defendants' favor. For one, Defendants achieved total success on all claims. *See Maljack Productions, Inc. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996) (noting that a favorable grant of summary judgment on the merits represented "total success" in analyzing this factor). Defendants did not prevail on a technical defense, but rather were granted summary judgment pursuant to an order reaching the merits of each of Plaintiff's substantive claims. *See Order* p. 4-14. Likewise, the benefit conferred by Defendants' success was not slight compared to the costs of litigation – at stake was the ability of photographers and other artists to manipulate images captured from everyday life, imbue them with their own artistic comment, and incorporate them into new works embodying moods, tones, and meanings distinct from the original. Thus, as in *Fantasy*,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#108/12/113

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | November 17, 2011 |
|---|---|---|---|
| Title | Dereck Seltzer v. Green Day, Inc., *et al.* | | |

the Defendants' total success on the merits, combined with the substantial benefit conferred as compared to the costs of litigation, also weighs in favor of awarding attorney's fees.

The remaining *Fantasy* factor – a Plaintiff's impecuniousness – cannot be determined from the present record. Plaintiff produces no evidence beyond his unsupported assertion that he is "an artist with limited means" whom an award of attorney's fees would "financially break." The record is similarly barren regarding the Defendants' finances, though the Court notes that Roger Staub is also an artist who incurred substantial legal fees defending his copyrights. *See Isaacs Decl.* Absent any evidence of the party's respective finances beyond the Plaintiff's similarly unsupported allegation that the Green Day defendants are "fabulously wealthy rock stars and record labels," the Court finds the record is neutral on this factor.

The Court next analyzes the *Lieb* factors not addressed by the above discussion: frivolousness, motivation, and objective reasonableness. *See Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997). The Court finds the record is not sufficiently complete or clear to attribute an invidious motive to the Plaintiff. This factor is therefore neutral. *See Oskar Sys., LLC v. Club Speed, Inc.*, No. CV 09-3854 AHM (SHx), 2010 WL 4235812 (C.D. Cal., Oct. 20, 2010). However, while the Court finds Plaintiff's claims were not frivolous, neither were they objectively reasonable. *See Sofa Entm't, Inc. v. Dodfer Prods., Inc.*, No. CV 08-02616 DMG (PJWx), 2010 WL 6397558, at *2 (C.D. Cal., Nov. 29, 2010) (finding a plaintiff's position "was not frivolous, but neither was it objectively reasonable" where only one of the four factors weighed against fair use, and this factor carried little weight because Defendants' use of the work was transformative). As in *Sofa Entm't*, Plaintiff failed to raise a triable issue of fact as to any of his claims, and this Court found that three of the four fair-use factors weighed in favor of fair use. *See Order*, p.7. The remaining factor (the nature of the copyrighted work) weighing only slightly against that finding in light of the fact that *Scream Icon* was published and had appeared on the internet prior to Defendants' use. *See Order*, p. 7-8. Likewise, the Court also found that the video backdrop and live *East Jesus Nowhere* performances were highly transformative, and that this finding, combined with the lack of any evidence suggesting Defendants' transformative use affected the potential market for Plaintiff's work, established fair use as a matter of law. *See Order*, p. 10 (citing *Sandoval v. New Line Cinema Corp.*, 973 F. Supp. 409, 414 (S.D.N.Y 1997). Finally, the Court notes that the parties apparently did not dispute that the video backdrop added something new, "with a further purpose or different character" than Plaintiff's original work, and Plaintiff's own testimony effectively conceded that the use was transformative. *See Order*, p. 5-6 (quoting *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994). Accordingly, the Court finds Plaintiff's claims were both contradicted by established law and were "factually unreasonable." *See Maljack*, 81 F.3d at 890. For the foregoing reasons, the Court awards Defendants their attorney's fees.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#108/12/113

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | November 17, 2011 |
|---|---|---|---|
| Title | Dereck Seltzer v. Green Day, Inc., *et al.* | | |

2. Amount Recoverable

Having determined that the Court will exercise its discretion to award fees, the Court next considers the amount recoverable. A party entitled to attorney's fees on a copyright claim can recover only those fees incurred in defending against that claim or any "related claims." *See Entm't Research Group*, 122 F.3d at 1230. Accordingly, the "first step in the calculation of a reasonable attorney's fee in the present case [is] to decide if the copyright and non-copyright claims are related." *See Trad. Cat Assoc., Inc. v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003). Claims are related where they involve "a common core of operative facts or [are] based on related legal theories." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). "Thus, the focus is on whether the [] claims arose out of the same 'course of conduct.'" *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 903 (9th Cir. 1995).

Defendants argue each of Plaintiff's claims rest on the same core factual allegation: "namely[,] the inclusion of *Scream Icon* as a composite image in the video backdrop for *East Jesus Nowhere*." *See Mot.* 14:13-20. Defendant is correct that Plaintiff's copyright, trademark and California Business & Professions Code claims all arise from the common allegation "of the use of plaintiff's Scream Icon" by Defendants. *See id.*; *Entm't Research* Group, 122 F.3d at 1230 (noting two copyright claims were related where the "crux" of both claims hinged on whether alleged unauthorized distributions ever took place). Moreover, beyond the mere (and undisputed) fact of Defendants' use, the copyright and trademark claims and defenses turn on further related factual and legal theories. For example, the nature and extent of Defendants' use was relevant both to whether there had been "merchandising practices" supporting a finding of trademark infringement, *see Order* p. 13 ("[d]efendants did not sell any merchandise, videos, albums, or tickets displaying Plaintiff's *Scream Icon* image"), and to whether the purpose and character of the video backdrop weighed in favor of fair use. S*ee Order* p. 7 ("[t]he *Scream Icon* image was not used on any merchandise, ticket stubs, or advertisements…."). Likewise, facts demonstrating the extent of Staub's alterations to the image and the dramatically distinct mood, tone, and meaning conveyed by the new work were conceivably relevant both to the work's transformative nature and to the likelihood that the public might have been duped regarding the work's sponsorship. Accordingly, because Plaintiff's claims all arose from the same "course of conduct" and many facts borne out in discovery were commonly applicable, the Court finds apportionment unnecessary.[1] *See Symantec Corp v. Logical Plus, Inc.*, No. C 06-7963 SI, 2010

---

[1] Because the Court determines Plaintiff's claims are related, the Court need not reach the merits of Defendants' alternative requests for attorney's fees pursuant to 15 U.S.C. § 1117(a) and Federal Rule of Civil Procedure 37(b).

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#108/12/113

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-2103 PSG (PLAx) | Date | November 17, 2011 |
|---|---|---|---|
| Title | Dereck Seltzer v. Green Day, Inc., *et al.* | | |

WL 2330388, at *4 (N.D. Cal., June 4, 2010) (holding copyright and Lanham Act claims were related where both claims arose out of the same facts regarding the defendant's sales of counterfeit products containing trademarked and copyrighted material).

The Court next analyzes the reasonableness of Defendants' proposed fee awards. Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (citing *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614 (9th Cir. 1993)). The resulting figure is presumptively reasonable. *See Morales v. City of San Rafael*, 96 F.3d 359, 364, n.8 (9th Cir. 1996). The moving party has the burden of producing evidence demonstrating the rates and hours worked are reasonable. *See Intel Corp.*, 6 F.3d 614, 623 (9th Cir. 1983).

Once the "lodestar" figure is calculated, a court has discretion to adjust the figure based on certain factors set forth in *Kerr v. Screen Extras Guild*. *See Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975) (a court can consider the following factors if they are relevant to the case: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the necessary skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys on the case; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases). The court must provide a clear explanation for any reduction. *See Sorensen v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001).

In this case, Plaintiff does not challenge the reasonableness of the number of hours expended or defense counsel's rates, choosing instead to argue that the award should be reduced because the billing summaries contained in Defendants' declarations are inadequate, and because counsel's time is not allocated amongst the copyright, trademark and state law claims. *See Opp.* 18:7-19:25. However, because each of Plaintiff's claims is related, allocation is unnecessary. The Court notes that the supporting documentation filed by the Green Day defendants and PED summarizes the work performed, counsel's experience and involvement, and the total time expended, and includes copies of counsel's detailed billing statements. *See Anderson Decl.*; *Campbell Decl.* This documentation is therefore adequate. While Court finds the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#108/12/113

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | November 17, 2011 |
|---|---|---|---|
| Title | Dereck Seltzer v. Green Day, Inc., *et al.* | | |

documentation submitted by Staub less user-friendly, it is nonetheless sufficient to allow the Court to arrive at a reasonable figure.[1]

Based on the affidavits and billing sheets submitted to the Court, the Court calculates the "lodestar" figures as follows:

| Defendant | Attorney | Rate Charged | Hours Worked | Total Amount (Rate x Hours) |
|---|---|---|---|---|
| "Green Day Defendants" | Peter J. Anderson | $285/hour | 407.10 | $116,023.50 |
| Roger Staub | Bruce Isaacs | $475/hour | 52.85 | $25,103.75 |
| | Robert Wyman | $475/hour | 3 | $1,425.00 |
| PED | Keri E. Campbell | $400/hour | 113.10 | $45,240.00 |
| | Lee S. Brenner | $400/hour | 12.60 | $5,040.00 |
| | | | | **TOTAL $192,832.25** |

The rates charged by counsel appear to be reasonable and the hours worked do not clearly represent overstaffing, duplication of work or time wasted. *See e.g.*, *Sofa Ent't*, 2010 WL 6397558, at *4 (finding a fee award reflecting 509.7 hours of work at an average rate of $333.47 per hour was reasonable where the litigation lasted more than two years and included a settlement conference and cross-motions for summary judgment); *Schultz v. Ichimoto*, No. CV

---

[1] Because the declaration and billing records submitted by Defendant Staub do not include the total hours worked or breakdown the work performed by attorney, the Court has pieced together this information from the "Timekeeper Summaries" contained in the billing records. *See Isaacs Decl.*, Ex. 2.  Accordingly, the "total amount" that appears in the above chart represents the documented hours expended by Mr. Isaacs and Mr. Wyman, multiplied by the $475 hourly rate identified in Mr. Isaacs's declaration, and not the $29,163.75 lump-sum requested. *See Isaacs Decl.* ¶ 3.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#108/12/113

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | November 17, 2011 |
|---|---|---|---|
| Title | Dereck Seltzer v. Green Day, Inc., *et al.* | | |

08-526 OWW (SMSx), 2010 WL 3504781, at *6-7 (E.D. Cal. Sept. 7, 2010) (finding that rates of $300 per hour were reasonable based on other cases where $315 and $350 per hour were reasonable); *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, No. CV 04-9396, 2006 WL 4081215, at *3 (C.D. Cal. Dec. 12, 2006) (finding that rates up to $625 for a senior partner were reasonable). Counsel for the Green Day defendants' rates are particularly reasonable given Mr. Anderson's thirty-plus years of experience in the field of copyright law and the evidence demonstrating Mr. Anderson shouldered the bulk of the litigation. *See Anderson Decl.* ¶¶ 17, 23. The Court also finds counsel for PED's $400/hr rate reasonable in light of their fourteen-plus years of experience and familiarity with copyright and entertainment law issues. *See Campbell Decl.* 3:5-19. This case has been pending more than 20 months and included substantial discovery and a motion for summary judgment. Moreover, the Court notes that the joint defense resulted in complete success on the merits for Defendants. *See Hensley*, 461 U.S. at 437. Accordingly, the Court finds adjustment to the Green Day defendants and PED's "lodestar" figures unwarranted.[1]

However, the Court concludes that Staub's "lodestar" figure does require reduction in light of the deficient affidavit and accompanying billing entries. The Isaacs declaration identifies Mr. Isaacs and Mr. Wyman as partners, *see Isaacs Decl.*¶¶ 1, 6, but offers no information regarding the length of time either have been admitted to practice or their experience litigating in the field of copyright law. Without such information, the court is unable to determine the experience, reputation and ability of the attorneys, or say that at least a portion of the attorneys' time was not spent getting up to speed on copyright issues. Accordingly, the Court reduces counsel's hourly fee from $475 to $400 (commensurate with co-defense counsel for PED's rates) and adjusts the "lodestar" accordingly, for a total award of $22,340.00.

As prevailing parties entitled to fees, Defendants may also recover a reasonable amount for work on the instant fee motion. *See Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir.

---

[2]The Court notes that the Campbell Declaration identifies the total hours expended by the Firm as approximately 142.30, and that when multiplied by the applicable billable rates, this amounts to $56,592.00. *See Campbell Decl.* ¶ 7. However, only 113.1 and 12.6 hours are directly attributed to Ms. Campbell and Mr. Brenner. Thus, the time billed by the two identified attorneys totals only 125.7 hours (16.6 hours less than the total purportedly expended by the Firm). Although it is unclear whether PED actually seeks to recover for this time, amounting to $6,640.00 in fees, the Court clarifies that it has not been included in the "lodestar" figure calculated above, and that PED will not be awarded fees for this unsubstantiated time.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#108/12/113

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2103 PSG (PLAx) | Date | November 17, 2011 |
|---|---|---|---|
| Title | Dereck Seltzer v. Green Day, Inc., *et al.* | | |

1986); *Moore v. Bank of Am.*, No. CV 03-0520 (IEG), 2008 WL 68851, at *5 (S.D. Cal. Jan. 7, 2008). The Green Day defendants seek a total of $12,369.00 in connection with this motion. *See Anderson Reply Decl.* ¶ 16. It appears that Mr. Anderson again did the lion's share of the work, and, based on the billing sheets submitted, that work amounted to 43.4 hours. *See id.* ¶¶ 15, 16, Ex. 29; *Anderson Decl.* ¶ 25. At $285 per hour, this represents the lodestar figure for the attorney's fees motion. To the extent that other attorneys were involved in drafting and submitting this Motion, signed declarations and billing records have not been submitted. The Court therefore grants the Green Day defendants' request for $12,369.00 but declines to award fees to the remaining Defendants in connection with the instant motion.

IV.     Conclusion

For the foregoing reasons, the Court GRANTS the motion for attorney's fees in the following amounts. The Green Day defendants and PED are entitled to attorney's fees calculated according to the lodestar method. For the Green Day defendants, this represents $116,023.50 incurred in defense of the action, plus $12,369.00 incurred in connection with the instant motion, for a total fee award of $128,392.50. PED is entitled to recover $50,280.00 in fees reasonably accrued defending the action. The Court also awards Staub reduced fees in the amount of $22,340.00. Defendants are directed to submit proposed judgments consistent with this opinion by no later than **November 30, 2011**.

**IT IS SO ORDERED.**